IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
FORT SMITH DISTRICT
CIVIL DIVISION

FILED
FT. SMITH DIST.

2015 MAY 4 PM 3 49

Susie Hassett
CIR. CLARK SEB. CO.

SUE ANNE NARDONE

VS.                          NO. CV-15-390

SYNTHES, INC., a corporation;
DEPUY SYNTHES, INC., a corporation; and
DEPUY SYNTHES SALES, INC., a corporation                    DEFENDANTS

## COMPLAINT

Comes now the Plaintiff, Sue Anne Nardone, by and through her undersigned attorney, and

for her cause of action against the Defendants, Synthes, Inc., Depuy Synthes, Inc., and Depuy

Synthes Sales, Inc., states and alleges:

1.     At all times material hereto, the Plaintiff, Sue Anne Nardone, was a citizen and

resident of the Fort Smith District of Sebastian County, Arkansas.

2.     The Defendant, Synthes, Inc., is a Pennsylvania corporation with its principal place

of business at 1302 Wrights Lane East, West Chester, PA.  It manufactures and sells medical

devices, including, but not limited to, locking compression plates and screws to hold the plate used

as part of surgical procedures to correct a fractured humerus.  Such devices are placed into the

stream of commerce and sold regularly within the State of Arkansas through representatives,

agents, or employees of the identified Defendant who are physically present inside the State of

Arkansas.  Further, on information and belief, the Defendant's representatives will, from time to

time, actually be present inside of an operating room setting within the State of Arkansas. The

designated Defendant's contacts with the State of Arkansas are such as to subject the designated

Defendant to jurisdiction in the courts of the State of Arkansas.

1

3.      The Defendant, Depuy Synthes, Inc., is a Delaware corporation.  Its agent for

service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange

Street, Wilmington, Delaware 19801.  On information and belief, based upon investigation of

counsel that includes review of the internet web site of the Defendant, the designated Defendant

manufactures and sells medical devices, including, but not limited to, locking compression plates

and screws to hold the plate used as part of surgical procedures to correct a fractured humerus.

Such devices are placed into the stream of commerce and sold regularly within the State of

Arkansas through representatives, agents, or employees of the identified Defendant who are

physically present inside the State of Arkansas.  Further, on information and belief, the

Defendant's representatives will, from time to time, actually be present inside of an operating room

setting within the State of Arkansas. The designated Defendant's contacts with the State of

Arkansas are such as to subject the designated Defendant to jurisdiction in the courts of the State

of Arkansas.

4.      The Defendant, Depuy Synthes Sales, Inc., is a foreign corporation that does

business in the State of Arkansas.  Its agent for service of process is The Corporation Company,

124 West Capitol Avenue, Suite 1900, Little Rock, AR 72201.  On information and belief, the

designated Defendant sells medical devices, including, but not limited to, locking compression

plates and screws to hold the plate used as part of surgical procedures to correct a fractured

humerus.  Such devices are placed into the stream of commerce and sold regularly within the State

of Arkansas through representatives, agents, or employees of the identified Defendant who are

physically present inside the State of Arkansas.  Further, on information and belief, the

Defendant's representatives will, from time to time, actually be present inside of an operating room

setting within the State of Arkansas. The designated Defendant's contacts with the State of

2

Arkansas are such as to subject the designated Defendant to jurisdiction in the courts of the State of Arkansas.

5.     On or about March 20, 2012, the Plaintiff, Sue Anne Nardone,fell and fractured her right humerus. In order to treat the fracture, a surgical procedure known as an Open reduction and internal fixation ("ORIF") of the right humerus was performed at Summit Medical Center in Van Buren, Arkansas on or about March 23, 2012. As part of the procedure, a locking compression plate and screws manufactured and sold by the Defendants, or one or more of them, were used to stabilize the fractured humerus.

6.     The locking compression plate and screws were installed. However, on or about May 18, 2012, two of the screws broke causing loss of fixation of the prior ORIF procedure. The overall impact of the loss of fixation was that the Plaintiff suffered significant pain, had to have another ORIF procedure, and had to have other significant medical care.

## COUNT ONE – STRICT PRODUCTS LIABILITY

7.     Plaintiff repeats the allegations set forth in paragraphs 1 through 6, above, as if the same were set forth word for word herein.

8.     The screws that broke and/or the locking compression plate or the combination of the two was defective when installed as part of the original ORIF procedure on March 23, 2012 and was unreasonably dangerous because it was likely to break and cause loss of fixation of the prior ORIF procedure and cause a subsequent procedure.

9.     As the proximate and actual result of the defective product, that was unreasonably dangerous when surgically implanted in Plaintiff, the Plaintiff has suffered and sustained the damages set forth in paragraph 14 below.

## COUNT TWO – BREACH OF WARRANTY

7.      Plaintiff repeats the allegations set forth in paragraphs 1 through 9, above, as if the same were set forth word for word herein.

8.      As a matter of law, as products sold within the State of Arkansas, the screws and locking compression plate were sold with an implied warranty of fitness for a particular purpose—that purpose being for the use of stabilization in an ORIF procedure.

9.      The screws and/or compression plate were defective and the defect was in derogation of the implied warranty of fitness for a particular purpose and/or any specific warranty.

10.     As the proximate and actual result of the breach of warranty of the Defendants, and each of them, the Plaintiff has suffered and sustained the damages set forth in paragraph 14 below.

## COUNT THREE - NEGLIGENCE

11.     Plaintiff repeats the allegations set forth in paragraphs 1 through 10, above, as if the same were set forth word for word herein.

12.     On information and belief, Defendants were negligent in the manufacturing of the screws and locking compression plate used in the surgical ORIF procedure of March 23, 2012 on the Plaintiff. Such negligence included, but is not necessarily limited to: failing to warn of the dangers of the screws; that the screws could potentially break; failing to ensure that screws of adequate strength were manufactured and used as part of the process; failing to instruct the surgeon installing the screws as to how to properly utilize such screws; and in other ways.

13.     As the proximate and actual result of the breach of warranty of the Defendants, and each of them, the Plaintiff has suffered and sustained the damages set forth in paragraph 14 below.

4

## DAMAGES FOR COUNTS ONE THROUGH THREE

14.    As the proximate and actual result and cause of the negligence and breach of warranty of the Defendants, and for which the Defendants are strictly liable, the Plaintiff has suffered and sustained permanent personal injury, aggravation of a pre-existing condition, medical bills, one or more additional surgical procedures, pain and suffering, emotional harm, and other damages (all past, present, and future) in a sum and amount that the proof presented at the trial of this matter warrants with such sum being in excess of the minimum amount necessary to confer jurisdiction upon the United States District Court in diversity of citizenship cases.

## COUNT FOUR – STRICT PRODUCTS LIABILITY

15.    Plaintiff repeats the allegations set forth in paragraphs 1 through 14, above, as if the same were set forth word for word herein.

16.    On or about May 22, 2012, the ORIF revision surgery referenced above was performed at Sparks Regional Medical Center in Fort Smith, Sebastian County, Arkansas.  During the procedure, a locking compression plate that was manufactured and sold by the Defendants was used during the procedure.

17.    On or about September 6, 2013, the locking compression plate failed and breaking, causing a loss of fixation and required yet another ORIF revision surgery.

18.    The locking compression plate was defective when installed as part of the revision ORIF procedure on May 22, 2012 and was unreasonably dangerous because it was likely to break and cause loss of fixation of the prior ORIF procedure and cause a subsequent procedure.

19.    As the proximate and actual result of the defective product, that was unreasonably dangerous when surgically implanted in Plaintiff, the Plaintiff has suffered and sustained the damages set forth in paragraph 27 below.

5

## COUNT FIVE – BREACH OF WARRANTY

20.     Plaintiff repeats the allegations set forth in paragraphs 1 through 19, above, as if the same were set forth word for word herein.

21.     As a matter of law, as products sold within the State of Arkansas, the locking compression plate was sold with an implied warranty of fitness for a particular purpose—that purpose being for the use of stabilization in an ORIF procedure.

22.     The compression plate was defective and the defect was in derogation of the implied warranty of fitness for a particular purpose and/or any specific warranty.

23.     As the proximate and actual result of the breach of warranty of the Defendants, and each of them, the Plaintiff has suffered and sustained the damages set forth in paragraph 27 below.

## COUNT SIX - NEGLIGENCE

24.     Plaintiff repeats the allegations set forth in paragraphs 1 through 23, above, as if the same were set forth word for word herein.

25.     On information and belief, Defendants were negligent in the manufacturing of the locking compression plate used in the surgical ORIF procedure of May 22, 2012 on the Plaintiff. Such negligence included, but is not necessarily limited to: failing to warn of the dangers of the screws; that the locking compression plate could potentially break; failing to ensure that locking compression plate was properly manufactured and of adequate strength; and in other ways.

26.     As the proximate and actual result of the breach of warranty of the Defendants, and each of them, the Plaintiff has suffered and sustained the damages set forth in paragraph 27 below.

## DAMAGES FOR COUNTS FOUR THROUGH SIX

27.     As the proximate and actual result and cause of the negligence and breach of warranty of the Defendants, and for which the Defendants are strictly liable, the Plaintiff has

6

suffered and sustained permanent personal injury, aggravation of a pre-existing condition, medical bills, one or more additional surgical procedures, pain and suffering, emotional harm, scarring, and other damages (all past, present, and future) in a sum and amount that the proof presented at the trial of this matter warrants with such sum being in excess of the minimum amount necessary to confer jurisdiction upon the United States District Court in diversity of citizenship cases.

28.     Plaintiff is an Arkansas resident and citizen and was so at all times material hereto. Plaintiff first learned of the defective products set forth herein within the prior three year time period. Plaintiff did not have reason to know of such defects with regarding to Counts One through Three until May 17, 2012 and September 6, 2013 with regard to Counts Four through Six.

WHEREFORE, the Plaintiff, Sue Anne Nardone, prays judgment against the Defendants, Synthes, Inc., Depuy Synthes, Inc., and Depuy Synthes Sales, Inc., jointly and severally, in the sum and amount that the proof presented at the trial of this matter warrants with such sum being in excess of the minimum amount necessary to confer jurisdiction upon the United States District Court in diversity of citizenship cases, for her costs, and for such other relief as is just and proper.

Sam Sexton, III (#87-157)
Medlock, Gramlich & Sexton, LLP
PO Box 2646
Fort Smith, AR 72902-2646
Phone (479) 494-5614
Facsimile (479) 802-4742
Email: csexton@fortsmithlawfirm.com

7